

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0294-08

### Ex parte FRANK EUGENE WATSON, Applicant

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TWELFTH COURT OF APPEALS
### VAN ZANDT COUNTY

**KELLER, P.J., filed a concurring opinion in which COCHRAN, J., joined.**

There is no need for us to decide whether the allegation "failing to yield the right of way while turning left" is an element of the offense of intoxication assault in this case. Even if it were, the intoxication assault offense does not include the transportation code offense alleged by appellant because the transportation code offense contains at least one extra element that is not included in any of the allegations in the indictment.

Appellant relies upon Transportation Code §545.152, titled: "Vehicle Turning Left."[1] That statute provides:

---

[1] TEX. TRANSP. CODE §545.152.

> To turn left at an intersection or into an alley or private road or driveway, an operator shall yield the right-of-way to a vehicle that is *approaching from the opposite direction* and that is in the intersection or in such proximity to the intersection as to be an immediate hazard."[2]

So the statute contains an element that is not in appellant's indictment: that there is a vehicle "approaching from the *opposite* direction." This statute does not, for example, apply when the approaching vehicle comes from the right or the left, instead of from the opposite direction.

The allegation "failing to yield the right of way while turning left" may sound like the allegation of a particular offense, but it is not. It is simply an allegation of conduct. Moreover, a number of other transportation code provisions could be violated by someone engaging in such conduct. One could, while turning left, fail to yield the right-of-way by failing to yield at a stop sign, a yield sign, or a traffic light;[3] by failing to yield to traffic on a paved street when turning from an unpaved street;[4] by failing to yield to traffic approaching an intersection "from the operator's right";[5] by failing to yield to traffic on a through street while turning from a street that terminates at a "T" intersection;[6] and by failing yield the right-of-way while turning from an alley, building, private road, or driveway to a vehicle approaching on a highway.[7] Because the indictment alleged conduct, rather

---

[2] *Id.* (emphasis added).

[3] *Id.*, §545.151(a); *see also id.*, §545.153.

[4] *Id.*, §545.151(c).

[5] *Id.*, §545.151(d).

[6] *Id.*, §545.151(e).

[7] *Id.*, §545.155.

than an offense under §545.152, double jeopardy does not bar prosecution for intoxication assault.

      With these comments I join the Court's opinion.

Filed: May 6, 2009
Publish